## McDONALD v. HUFF.*

### No. 11,064; May 19, 1888.

18 Pac. 243.

**Vendor and Vendee—Delivery of Deed.**—A Mortgagor Agreed in writing to execute a deed to the mortgagee, and leave it in escrow, to be delivered upon default by him in paying an agreed sum less than the amount due, provided the mortgagee gave a receipt in full. The deed was accordingly left as an escrow. Default was made, but, before the mortgagee accepted the deed, the mortgagor demanded it back, and conveyed to another. Held that, as the mortgagee had not signed the agreement, and therefore could never have been compelled to accept the deed, the mortgagor was at liberty to withdraw it at any time before it was accepted; nor did the contract become an executed one from the mere fact that the mortgagee forbore suit upon the mortgage until it was barred by the statute of limitations.

**Mortgage.**—A Deed Left by a Mortgagor as an Escrow, to be delivered upon default in payment by him of a sum fixed upon in satisfaction of all indebtedness, does not become operative until default, and creates no lien on the land.

APPEAL from Superior Court, Humboldt County; J. P. Haynes, Judge.

Action to quiet title, brought by John E. McDonald against John Huff and R. F. Herrick. Judgment for plaintiff, and defendants appeal.

S. O. Houghton (Archer & Bowden of counsel) for appellants; S. M. Buck for respondent.

TEMPLE, J.—In 1882, plaintiff had a judgment against the defendant Huff, and also held a note given by him, secured by a mortgage. He threatened to foreclose the mortgage, and finally agreed with Huff that Huff should convey to plaintiff the mortgaged premises, in consideration whereof the plaintiff would release Huff from all the indebtedness. The agreement was reduced to writing, and is signed by Huff only. In it Huff recites his indebtedness of three thousand five hundred dollars on the mortgage and

*For subsequent opinion in bank, see 77 Cal. 279, 19 Pac. 499.

six hundred dollars on the judgment, and then proceeds as follows: "And whereas, I am at present unable to pay said sums at present, in full, in cash, but am desirous to satisfy said demands; and whereas, the said John E. McDonald is willing that I should make to him a conveyance of the land described in said deed, and in consideration of said conveyance release and discharge me from all of said indebtedness, and from all indebtedness due and owing from me to him; and whereas, the said John E. McDonald is also willing that I should retain said land, and that said deed of conveyance be held in escrow by R. H. McDonald, of the Pacific Bank, of San Francisco, Cal., until November 21, 1882, and that in case I pay to said John E. McDonald on or before said November 21, 1882, the sum of three thousand and eighty ($3,080) dollars, then the said deed is to be redelivered to me, and the said John E. McDonald give me a receipt in full of all demands against me, and said deed to be of no force or effect, and convey no title to said John E. McDonald. Now, then, I direct that said R. H. McDonald, with whom said deed is deposited, hold the same in escrow until the 21st of November, 1882, and in case I pay to said John E. McDonald or any agent or assign of him, said sum of $3,080 on or before said November 21, 1882, then the said R. H. McDonald redeliver and return to me said deed. And in case I fail to make payment to said John E. McDonald, or his agents or assigns, of said sum of $3,080 on or before November 21, 1882, then the said R. H. McDonald is hereby authorized to deliver to said John E. McDonald the said deed of conveyance on the said John E. McDonald executing to me a receipt in full of all demands against me by him and depositing the same with the said R. H. McDonald to be delivered to me by the said R. H. McDonald." On the same day Huff executed the deed and deposited it with R. H. McDonald. McDonald executed no instrument in writing obligatory in himself to accept the deed and release the debt, nor did he bind himself not to bring suit to foreclose. In fact, however, he did not foreclose, but acquiesced in the agreement. Huff did not pay the three thousand and eighty dollars, or any portion of it, on the 21st of November, or at any time, nor did McDonald execute the receipt or demand his deed. The deed still remained with R. H. McDonald un-

til the sixteenth day of March, 1883, when it was delivered to plaintiff's attorney for plaintiff, the attorney executing a receipt in full of all demands against said Huff, which was left with R. H. McDonald for Huff. It is not found that the attorney had any authority from John E. McDonald to give the receipt or to accept the deed. Prior to the delivery of the deed, however, to wit, on the 21st of February, 1883, Huff demanded of R. H. McDonald that he surrender and deliver up to him, Huff, the deed that had been left in escrow, and the agreement or instructions accompanying it, which demand not being complied with, Huff gave notice in writing to R. H. McDonald, February 28th, of his withdrawal of said instrument and conveyance. Huff also conveyed the land to defendant Herrick for an expressed consideration of five thousand dollars, which deed was duly recorded before R. H. McDonald delivered the first deed. Herrick, it is found, however, took with full knowledge of all the facts.

This action is brought to have the deed to Herrick canceled, and to quiet plaintiff's title. By the terms of the contract of escrow the deed was not to become operative until Huff had made default in paying the three thousand and eighty dollars and McDonald had executed a receipt in full of all demands against Huff. And if no such default were made, the deed was not to become operative at all. This is the rule generally in regard to instruments placed in escrow. It could not operate then to create a lien upon the land, and we do not see how any question can arise upon the claim that as a mortgage it is void because providing for a forfeiture without foreclosure. Nor can it be held, as respondent claims, that when Huff failed to pay, R. H. McDonald held the deed as agent for plaintiff. Plaintiff had not bound himself to forbear suit, to remit a portion of the debt, or to accept the deed in payment. Until he did the latter by executing a release and delivering it he was not entitled to the deed. The contract was a conditional sale of land in consideration of an existing indebtedness, with the privilege on the part of the vendor to satisfy the indebtedness within a stated period, in which event the contract of sale would be void. There is no question of the statute of frauds as to the vendor, as his contract was in writing. But it is a serious question as to whether the purchaser was bound. He verbally agreed to give further time on his

indebtedness, and to accept a sum less than the amount due, in full satisfaction of his debt. This undertaking was not in writing, and not a contract which varied the terms of his written agreement. Evidently he was not bound by it, but might have brought suit to foreclose at any time, notwithstanding the agreement. Nor do we think it can be held that it became an executed contract, from the mere fact that the plaintiff did forbear to bring suit until the lien of the mortgage was lost by reason of the statute of limitations. The indebtedness was not barred. The contract signed by Huff was a new promise. The plaintiff, even after the 21st of November, when the privilege of the vendor to pay had expired, could not have been compelled to accept the deed and release all the indebtedness of Huff to him. That being the case, we think Huff was at liberty to withdraw his deed from escrow at any time before it had been accepted by the plaintiff.

It follows that the judgment must be reversed, and it is so ordered.

We concur: Paterson, J.; McKinstry, J.; Searls, C. J.